ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| JACOB DUFFEE, *individually, and d/b/a* TEXAS ASSOCIATION OF DISABLED PERSONS **Plaintiff,** | § | 3-11CV2105-L |
| v. | § | CAUSE NO: |
| CHRISTOPHER GLEASON **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
**(DEMAND FOR INJUNCTIVE RELIEF AND DAMAGES)**

**BACKGROUND**

1. Plaintiff is an individual with a disability. Plaintiff brings this action pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Tex. Hum. Res. Code § 121.001 *et seq.* This Complaint seeks redress for past and continuing discrimination against persons with disabilities. This discrimination is occurring at the business of Animal Care Center, which is located in Duncanville, Texas on Main Street. The facility and or the bu ness are owned and or operated by the Defendant.

2. Plaintiff seeks to enjoin the Defendant from maintaining and to require that the Defendant remove the architectural barriers that interferes with persons with disabilities the right to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of the Defendant at the facility and or the business.

3. Plaintiff also seeks a permanent injunction to prevent the Defendant from engaging in these unlawful practices, as well as declaratory relief and attorney's fees and costs of litigation.

4. This Court has jurisdiction over the federal claims brought in this action under 28

U.S.C. §1331 and 42 U.S.C. §12188 and supplemental jurisdiction over the state claims under 28 U.S.C. §1367.

## PARTIES

5. Plaintiff JACOB DUFFEE ("DUFFEE" or "Plaintiff") has a "disability" within the meaning of TABA, is an "individual with a disability" within the meaning of the ADA and ADAAG and is a "person with a disability" within the meaning of Chapter 121. Plaintiff currently resides in Nacogdoches County, Texas.

6. Plaintiff TEXAS ASSOCIATION OF DISABLED PERSONS ("TXADP" or "Plaintiff") is a disability rights organization, which provides advocacy and education for its members, whom are "qualified individuals with a disability," as defined by the ADA and ADAAG, and have a "disability" within the meaning of Chapter 121 and TABA. Additionally, TXADP has over 1,400 "fans" on Facebook, including a NFL Cheerleader from the Washington Redskins. Many of its Facebook fans are disabled Texans. TXADP brings this suit in its representational capacity on behalf of its members and its disabled Texas Facebook fans (collectively its "members").

7. Defendant in this action is CHRISTOPHER GLEASON ("Defendant"), an individual, whom may be served with summons at 511 SOUTH MAIN ST, DUNCANVILLE, TEXAS 75116. The facility and or the business subject to this suit is owned and or operated by the Defendant.

## VENUE

8 Defendant's actions, inactions, and failure to comply with the ADA, ADAAG, Chapter 121, TAS, and TABA, of which Plaintiff complain, all occurred or failed to occur in Dallas County, Texas, making venue proper in this court.

**FACTS**

9. July 26, 2011 marked the 21st anniversary of the signing of the Americans with Disabilities Act, which guarantees equal opportunity for people with disabilities in public accommodations, commercial facilities, employment, transportation, state and local government services and telecommunications.

10. Defendant maintains a public accommodation at 511 S. Main Street, Duncanville Texas 75116, d/b/a Animal Care Center.

11. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA, ADAAG, Chapter 121, TAS and TABA compliant. The Plaintiff has encountered architectural barriers at the subject property, which discriminate against disabled individuals on the basis of their disabilities and endanger their safety. These barriers prevent Plaintiff from returning to the property to enjoy the goods and services available to the public. Plaintiff is also a tester for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA, ADAAG, Chapter 121, TAS, and TABA.

12. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA, ADAAG, Chapter 121, TAS, and TABA.

13. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA, ADAAG, Chapter 121, TAS, and TABA with respect to this property as described but not necessarily limited to the allegations in

paragraphs 26 and 34 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA, ADAAG, Chapter 121, TAS, and TABA by the Defendant. Plaintiff desires to visit not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA, ADAAG, Chapter 121, TAS, and TABA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

**TXADP'S ASSOCIATIONAL STANDING**

14. TXADP has standing to sue as an association on behalf of its disabled members, as its members would have standing to sue as individuals, advocating on this issue is germane to its purpose, and none of its members will be required to participate in this action because TXADP only requests declaratory and injunctive relief.

15. The disabilities suffered by TXADP's members include but are not limited to, Chronic Obstructive Pulmonary Disease, Nerve Damage in ears, Bell's Palsy, severe Arthritis, and Diabetes, which substantially limit their ability to do major life activities such as walking, sitting, reaching, bending, hearing, seeing, speaking, breathing, learning, thinking, working, concentrating, interacting with others, communicating, etc.

16. This lawsuit is germane to TXADP's organizational purpose. One of its purposes is to reduce barriers and to ensure that members have equal access to programs and services of public accommodations. TXADP has worked generally to reduce barriers faced by its members, including advocating with local businesses to eliminate architectural barriers.

**COUNT 1 - VIOLATIONS OF TITLE III OF THE ADA AND ADAAG**

17. This action is brought pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12181 *et seq,* and its attendant regulations, the Americans with Disabilities

Act Accessibility Guidelines ("ADAAG"), 28 C.F.R. Part 36, Appendix A.

18. Twenty-one years ago in passing the ADA, Congress identified some 43,000,000 Americans as having one or more disabilities and found that discrimination against individuals with disabilities continues to be a serious and pervasive social problem. 42 U.S.C. § 12101 (a)( 1 )-(2).

19. Congress found that, historically, society tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. 42 U.S.C. §12101 (a)(2).

20. Congress additionally found that discrimination against individuals with disabilities persists in such critical areas as housing, institutionalization, and access to public services. 42 U.S.C. § 12101(a)(3).

21. Among its stated purposes, the ADA has a clear and comprehensive national mandate to eliminate discrimination against individuals with disabilities and to establish clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. 42 U.S.C. §12101(a)(l)-(2).

22. The Architectural and Transportation Barriers Compliance Board is empowered by the ADA to issue guidelines "to ensure that buildings, facilities, rail passenger cars, and vehicles are accessible, in terms of architecture and design, transportation, and communication, to individuals with disabilities." 42 U.S.C. § 12204(a), (b). These guidelines are ADAAG. The Department of Justice has adopted them as its Standards for Accessible Design, pursuant to 42 U.S.C. § 12186(b).

23. ADAAG sets forth the standards for accessibility in order to comply with the ADA.

ADAAG applies to the Defendant's place of business.

24. Title III of the ADA and ADAAG require that facilities of a private entity providing public accommodations be adapted, when readily achievable, so that the facility is readily accessib to, and usable by, individuals with disabilities. 28 C.F.R. §36.304(c)(2). Removal of the barriers preventing accessibility at the Defendant's place of business is readily achievable, and consequently required under ADA Title III and ADAAG. 28 C.F.R. §36.304.

25. Defendant has violated, and continues to violate, 42 U.S.C. §12181 *et seq.,* which prohibits discrimination on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

26. A preliminary inspection of Defendant's place of business has shown that violations exist. These violations include, but are not limited to:

a) Sales counter does not have a portion that is a minimum of 36 inches in length with a maximum height of 36 inches, or which provide an equivalent facilitation in violation of section 7.2 of the ADAAG whose resolution is readily achievable.

b) Door pull requires tight grasping and pinching in violation of section 4.13.9 of the ADAAG whose resolution is readily achievable.

c) There are no accessible parking spaces in violation of section 4.1.2 of the ADAAG whose resolution is readily achievable.

d) There is no accessible route from the public sidewalk to the building entrance in violation of section 4.1.2(1) of the ADAAG whose resolution is readily achievable.

27. The discriminatory violations described in paragraph 26 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff and all other individuals similarly situated, have been denied access to, and or have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and or have

otherwis been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT 2 - VIOLATIONS OF CHAPTER 121, TABA AND TAS**

28. Plaintiff also complains of Defendant's violations of Chapter 121 of the Texas Human esources Code ("Chapter 121"), Tex.Hum.Res.Code Ann § 121 (Vernon 2005), the Texas Architectural Barriers Act ("TABA"), Tex. Gov't. Code Ann. § 469 (Vernon 2005), and the Texas Accessibility Standards ("TAS"), which were promulgated under TABA. 15 Tex. Admin. Code § 68.1 (West 2006).

29. Chapter 121 states that the policy of Texas "is to encourage and enable persons with disabilities to participate in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy all public facilities within the state." *Id.* at 121.001. Furthermore, the purpose of TABA is to "encourage and pror ,te the rehabilitation of persons with disabilities and to eliminate to the extent possible, unnecessary barriers encountered by persons with disabilities, whose ability to engage in gainful occupations or to achieve maximum personal independence is needlessly restricted." *Id.* at § 469(c).

30. Pursuant to the legislative mandate in TABA, the Texas Department of Licensing and Regulation adopted the Texas Accessibility Standards (TAS), to be the minimum guidelines for compliance with TABA, and therefore Chapter 121. As a result, each violation of TAS

represents both a violation of TABA and Chapter 121. The goal of TAS is to embody the requirements of places of public accommodation necessary to meet State standards of accessibility.

31. TABA applies to privately funded buildings or facilities defined as a "public accommodation" by Section 301 of the ADA, and its subsequent amendments. Defendant's place of business is a public facility for purposes of Chapter 121.

32. Upon information and belief, Defendant's public facility, where there is an area of primary function, was constructed and or altered after April 1, 1994.

33. By constructing or maintaining an architectural barrier that makes it inaccessible to persons with disabilities, the Defendant has engaged in discrimination on the basis of disability in violation of Texas law. Tex. Hum. Res. Code §121.003(d) (Vernon 2005).

34. A preliminary inspection of Defendant's place of business has shown that violations exist. These violations include, but are not limited to:

e) Sales counter does not have a portion that is a minimum of 36 inches in length with a maximum height of 36 inches, or which provide an equivalent facilitation in violation of section 7.2 of the TAS whose resolution is readily achievable.

f) Door pull requires tight grasping and pinching in violation of section 4.13.9 of the TAS whose resolution is readily achievable.

g) There are no accessible parking spaces in violation of section 4.1.2 of the TAS whose resolution is readily achievable.

f) There is no accessible route from the public sidewalk to the building entrance in violation of section 4.1.2(1) of the TAS whose resolution is readily achievable.

35. The discriminatory violations described in paragraph 34 are not an exclusive list of the Defendant's Chapter 121, TABA, and TAS violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the Chapter 121, TABA, and TAS and all of the barriers to access.

36. Defendant's failure to make its facilities accessible has denied, and continues to deny persons with disabilities, due to their disabilities, the same rights that able-bodied persons have to the full use and enjoyment of Defendant's public accommodation, violating Chapter 121. *Id.* at § 1 1.003(a).

37. By discriminating against persons with disabilities and preventing physical access to Defendant's public accommodation, Defendant has failed to comply with Chapter 121. *Id.* at § 121.003(d) (1).

38. Chapter 121 provides for a penalty of *at least* $100 to a disabled individual, for which Defendant is liable to DUFFEE herein. *Id.* at §121.004(b).

**INJUNCTIVE RELIEF**

39. Plaintiff is without adequate remedy at law and is suffering irreparable harm.

40. Because Plaintiff, and all other individuals similarly situated, will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the ADA, ADAAG, Chapter 121, TABA, and TAS, injunctive relief is necessary so that all individuals with disabilities can enjoy Defendant's public accommodation equally, as required by law.

41. Because the Plaintiff, and all other individuals similarly situated, will continue to experience unlawful discrimination as a result of Defendant's failure to comply with the ADA, ADAAG, Chapter 121, TABA, and TAS, injunctive relief is necessary to order Defendant to remove e architectural barriers at Defendant's public accommodation as required by law.

**DECLARATORY JUDGMENT**

42. Plaintiff is entitled to a declaratory judgment, pursuant to the Texas Declaratory Judgments Act, concerning each of Defendant's violations of law, specifying the rights of persons with disabilities regarding the facilities, goods, and services available to the public at

Defendant's place of business.

## ATTORNEY FEES

43. Plaintiff is entitled to reasonable attorneys' fees and court costs, pursuant to the Texas Declaratory Judgments Act and Title III of the ADA.

## CONDITIONS PRECEDENT

44. All conditions precedent to Plaintiffs' claims for relief have been performed or occurred.

## PRAYER

45. For these reasons, TXADP and DUFFEE asks that the court issue citation for Defendant to appear and answer, and that TXADP and DUFFEE be awarded a judgment against Defendant for the following:

A. Issue a permanent injunction, requiring Defendant, its agents, servants, employees, and all persons acting in concert with Defendant, to eliminate all barriers described herein that prevent Plaintiff and people with disabilities from having access to the goods, services, facilities, privileges, advantages and accommodations of the place of business; and enjoin Defendant from violating Title III of the ADA, Chapter 121, TAS, and TABA and from discriminating against the Plaintiff and people with disabilities, in violation of law;

B. Enter a declaratory judgment that Defendant's physical barriers in the past have prevented people with disabilities and continue to prevent them from fully accessing the facilities, and discriminate against them, in violation of Title III, Chapter 121, and TABA;

C. Award DUFFEE actual and/or statutory damages in the amount of *at least* $100;

D. Find that Plaintiff is the prevailing party in this action, and order Defendant liable for all of Plaintiff's attorneys' fees, costs, and expenses; and,

E. Grant such other and additional relief to which Plaintiff may be entitled in this action.

Dated: August 23, 2011

Respectfully submitted by:

Jacob Duffee, individually and d/b/a
Texas Association of Disabled Persons, *Pro Se*
P.O. Box 15580
Nacogdoches, Texas 75962
Phone 1-877-899-7358
Facsimile 1-866-912-1982
texas.disabilityrights@aol.com

original

ORIGINAL

RECEIVED
AUG 23 2011
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

JS 44 (TXND Rev. 2/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
JACOB DUFFEE individually and d/b/a TEXAS ASSOCIATION OF DISABLED PERSONS

**DEFENDANTS**
CHRISTOPHER GLEASON

**(b)** County of Residence of First Listed Plaintiff NACOGDOCHES
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

3-11CV2105-L

**(c)** Attorney's (Firm Name, Address, and Telephone Number) N/A

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity)**:
42 U.S.C. section 12101 et. seq.
Brief description of cause:
Americans with Disablies Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

**VIII. RELATED CASE(S) PENDING OR CLOSED:** **(See instructions)**
JUDGE DOCKET NUMBER

DATE Aug 23 2011
SIGNATURE OF ATTORNEY OF RECORD Jacob Duffee

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE